### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **HERMAN LEE ESTES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00569 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNKNOWN DEFENDANTS,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Herman Lee Estes, Pro Se Plaintiff.*

Plaintiff Herman Lee Estes, a federal inmate proceeding pro se, has filed a set of documents that the court conditionally construed and docketed as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   Because the form Complaint itself does not list any defendants, the court's docket also has not listed any defendants.[1]   After review of the Complaint and its attachments, I conclude that the lawsuit must be summarily dismissed without prejudice as frivolous.

---

[1]  Documents attached to the Complaint mention various officials, most of whom are employed by the United States.  For that reason, the case was docketed as a *Bivens* action.  However, it also indicates that the action may be brought under 42 U.S.C. § 1983.  Although Estes initially moved to proceed in forma pauperis, since filing the action, he or someone acting on his behalf has paid the filing costs for the case.

A civil complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" should be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  An inmate's complaint may also be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (internal quotation marks and citations omitted).  A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  *Bivens* provides a similar, implied remedy against federal officials for damages to remedy a constitutional

violation. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017). In either type of civil rights action, to hold an official liable, the plaintiff musts affirmatively show that he or she acted personally to deprive the plaintiff of rights, and the doctrine of respondeat superior (making an employer automatically liable for wrongful acts of his employee) does not apply. *Iqbal*, 556 U.S. at 676; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

As stated, Estes does not list any defendants on the Complaint form. The Complaint itself also states no claims concerning how his constitutional rights have been violated or makes any demand for relief in this lawsuit, other than justice. Instead, Estes refers to attachments of various titles, all of which I have reviewed. Some of these documents list individuals in various federal, state, and local business positions. Some documents include long lists of legal terms and issues and/or provide cursory facts about adverse events in Estes's experience. No document, however, states any facts concerning particular actions that any of the specified governmental officials or other named individuals allegedly took in violation of Estes's rights protected under the Constitution or laws of the United States.[2]

---

[2] Estes recently submitted additional documents, apparently in support of this case (*see* ECF No. 4). A document titled "Violation Warning" indicates that Estes is a "diplomatic agent, a national representative as an ambassador whom [sic] has foreign immunity as a foreign sovereign." *Id.* at 2. Another document of more than sixty pages, titled "Final Judgment and Civil Orders," indicates that it was updated October 14, 2014; among other things, it asserts that Alaska courts are operated by the Federal Reserve and

My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 327–28. Estes's claims in this lawsuit, if his scattered allegations state any such claims, fall squarely in this class. Accordingly, I will summarily dismiss the action without prejudice under § 1915A(b)(1) as frivolous and direct that the filing costs paid for the case be reimbursed to the payor.[3] Because the case itself will be dismissed, I will also deny as moot Estes's motion to add family members as plaintiffs in the lawsuit.[4]

A separate Final Order will be entered herewith.

DATED:   December 29, 2021

/s/  JAMES P. JONES
Senior United States District Judge

---

that the Pope is the "CEO in charge of worldwide commercial affairs." *Id.* at 11. I find nothing in this document that relates to any possible claim by Estes under § 1983 or *Bivens*.

[3] Court records indicate that an Indictment returned in this court in September 2020 charged Estes for possession of a firearm as a convicted felon, No. 4:20CR00024. These records also reflect that Estes is currently confined at a federal medical facility, subject to Order, ECF No. 41, entered on December 15, 2021, committing him for psychiatric/psychological treatment for four months, pursuant to 18 U.S.C. § 4241(b).

[4] I note that because Estes is not a licensed attorney, he cannot represent the legal interests of individuals other than himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others).